UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEXIS VASQUEZ**,

    Plaintiff,

v.                                                                                     6:22-cv-2235-RBD-NPM

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff Alexis Vasquez seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings. (Doc. 24),[1] Vasquez filed an opening brief (Doc. 28), and the Commissioner responded (Doc. 29). As discussed in this report, the decision of the Commissioner should be affirmed.

### I. Eligibility for Disability Benefits and the Administration's Decision

#### A. Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death or that have lasted or can be expected to last for a continuous period of not less than

---

[1] Cited as "Tr." followed by the appropriate page number.

twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

B.   **Factual and procedural history**

On December 20, 2019, Vasquez filed an application for disability insurance benefits. (Tr. 189-92). In the application, Vasquez asserted an onset date of April 21, 2019, alleging disability due to the following: diabetes, diabetic neuropathy, spinal stenosis L3 on right and left of spinal cord, hiatal hernia, gastritis, and bigeminy heartbeat. (Tr. 63-64, 73-74). As of the onset date, Vasquez was 58 years old with a high school education. (Tr. 63, 228). Vasquez previously worked as a document

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. § 404.1505.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 404.1594(b)(4) (defining functional capacity to do basic work activities).

[4] *See* 20 C.F.R. § 404.1511.

imaging specialist. (Tr. 70, 84, 196, 228).

On behalf of the administration, a state agency [5] reviewed and denied Vasquez's application initially on October 7, 2020, and upon reconsideration on March 17, 2021. (Tr. 63-71, 72-86). At Vasquez's request, Administrative Law Judge (ALJ) Jeffrey A. Ferguson held a hearing on September 9, 2021. (Tr. 34-61). On November 3, 2021, the ALJ issued an unfavorable decision finding Vasquez not disabled. (Tr. 22-29). Vasquez's timely request for review by the administration's Appeals Council was denied. (Tr. 8-13). After the Appeals Council granted an extension of time (Tr. 1-2), Vasquez brought the matter to this court, and the case is ripe for judicial review.

### C. The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503(a).

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is relieved of the burden of production during step five as to whether there are enough jobs someone like the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1512 (providing that the claimant must prove

4

disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Vasquez had not engaged in substantial gainful activity since April 21, 2019, the alleged onset date. (Tr. 44). At step two, the ALJ characterized Vasquez's severe impairments as: degenerative disc disease of the cervical and lumbar spine and diabetes mellitus with peripheral neuropathy. (Tr. 24). At step three, the ALJ determined Vasquez did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (Tr. 25).

As a predicate to step four, the ALJ arrived at the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could frequently climb, stoop, kneel, crouch and crawl, but only occasionally balance. He must avoid concentrated exposure to workplace hazards such as moving machinery, moving mechanical parts and unprotected heights.

5

(Tr. 25). Relying on a vocational expert's testimony, the ALJ found that Vasquez had past relevant work, including work as a "General Clerk" (DOT #209.562-010).[6] Finding no conflict between the RFC and the functional demands of this occupation as reported by the DOT and the vocational expert's testimony, the ALJ found Vasquez remained able to work as a general clerk as it is actually and generally performed in the national economy. (Tr. 28-29).

Thus, for purposes of the Act, the ALJ concluded Vasquez was not disabled from April 21, 2019, the alleged onset date, through November 3, 2021, the date of decision. (Tr. 29).

## II. Analysis

The sole issue on appeal is whether substantial evidence supports the ALJ's consideration of Vasquez's subjective complaints.

### A. Standard of review

The court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127,

---

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to the time it takes—during or before a job, such as prior experience or education—to develop necessary abilities, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

### B.     The ALJ properly considered Vasquez's subjective complaints.

When considering a claimant's subjective complaints, an ALJ must follow a two-step process. SSR 16-3p, 2017 WL 5180304, *3 (Oct. 25, 2017). First, the claimant must provide evidence of an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms. Second, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *3-4.

If the objective medical evidence does not substantiate the claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then the ALJ must consider other evidence in the record to determine if, and to what extent, the claimant's symptoms limit his ability to do work-related activities. This other evidence includes a claimant's daily activities; the location, duration, frequency, and intensity of the individual's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for the symptoms; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms. *See* 20 C.F.R. §§ 404.1529(c), 404.1545(a)(3); SSR 16-3p, 2017 WL 5180304 at *7-8. The regulations provide that, generally, a claimant's statements about his symptoms,

alone, will not establish disability; there must also be objective medical evidence. *See* 20 C.F.R. § 404.1529(a)-(b).

A reviewing court "will not disturb a clearly articulated credibility[7] finding supported by substantial evidence." *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). But "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" SSR 96-7p, 1996 WL 374186, at *2.

Applying the foregoing standard, the ALJ concluded:

> After careful consideration of the evidence, I find that [Vasquez's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 26). Vasquez's sole contention is that the ALJ used this "boilerplate type language" without offering specific reasons to discount his testimony. (Doc. 28 at 10).[8] However, "[b]oilerplate language is not necessarily objectionable—lawyers

---

[7] The court recognizes the term "credibility" is no longer employed by the SSA when evaluating whether a claimant's subjective complaints are consistent with and supported by the record. But since the parties utilize this term in their briefing, the court applies it here for consistency and ease of reference. *See Neff v. Saul*, No. 8:18-cv-3040-T-SPF, 2020 WL 1181952, *5 n.6 (M.D. Fla. Mar. 12, 2020).

[8] Notably, we have rejected this argument in several cases in which the claimants were represented

9

and judges alike 'cut and paste' language rather than 'reinventing the wheel' and saying the same thing in different ways. What matters is whether the ALJ went beyond the boilerplate language, analyzed the record, and made individualized findings." *Signorello v. Comm'r of Soc. Sec.*, No. 6:19-cv-1470-ORL-18PDB, 2020 WL 4905401, *5 (M.D. Fla. July 31, 2020), *report and recommendation adopted*, 2020 WL 4904642 (Aug. 20, 2020). The ALJ did so here.

Following the boilerplate sentence, the ALJ analyzed the record and explained:

> Overall, the evidence shows that [Vasquez] has a long history of spine disorder with back pain radiating into the legs. However, the condition is managed conservatively with medication. He has not required injections, physical therapy, or surgical intervention since the alleged onset date. The exams show mild to moderate tenderness and range of motion limitations, but his strength and gait are intact without the need for any assistive devices. The evidence does not support finding a need for a 5-minute break every hour to shift positions. There is also no evidence of any significant cognitive or concentration deficits, as alleged for either the pain or alleged medication side effects.

---

by Vasquez's counsel. *See, e.g.*, *Breaux v. Comm'r of Soc. Sec.*, No. 6:21-cv-695-RBD-EJK, 2023 WL 1802146 (M.D. Fla. Jan. 23, 2023), *report and recommendation adopted*, 2023 WL 1796529 (M.D. Fla. Feb. 7, 2023); *Snyder v. Comm'r of Soc. Sec.*, No. 6:21-cv-994-LHP, 2022 WL 3867669 (M.D. Fla. Aug. 30, 2022); *Oliveira v. Comm'r of Soc. Sec.*, No. 6:21-cv-131-LHP, 2022 WL 4305933 (M.D. Fla. Sept. 19, 2022); *Wood v. Comm'r of Soc. Sec.*, No. 6:20-cv-963-LRH, 2021 WL 263432 (M.D. Fla. June 25, 2021); *Castro v. Kijakazi*, No. 6:20-cv-972-SPF, 2021 WL 4452790 (M.D. Fla. Sept. 29, 2021); *McCloud v. Comm'r of Soc. Sec.*, No. 5:20-cv-364-DNF, 2021 WL 4988634 (M.D. Fla. Oct. 27, 2021); *Kirkland v. Comm'r of Soc. Sec.*, No. 6:20-cv-1068-EJK, 2021 WL 8946145, *3 (M.D. Fla. Nov. 1, 2021); *see also McGill v. Comm'r of Soc. Sec.*, 682 F. App'x 738 (11th Cir. 2017).

(Tr. 28). The ALJ, thus, provided "explicit and adequate reasons" for discounting Vasquez's complaints. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). And substantial evidence supports this finding. As the ALJ observed, although Vasquez has a long history of spinal disorder and diabetic neuropathy, in 2014, he reported eighty percent relief as well as the ability to walk unassisted and without significant bilateral lower discomfort. (Tr. 27, 308). He also declined injection-based therapy in 2019. (Tr. 27, 329-30). The ALJ noted that Vasquez reported ice therapy and medications decrease his pain, and he does not require frequent prescription refills—suggesting Vasquez does not routinely take his medication. (Tr. 27, 322-23). The medical records also observe Vasquez sitting up in his chair in no acute distress. (Tr. 323). In 2020, Vasquez similarly reported being in no acute distress, he was able to walk down the hallway with no difficulty or assistance, and he was sitting comfortably. He was also able to squat, and his lower back revealed no deformities. (Tr. 27, 715-16). And since 2019, there is no evidence Vasquez has undergone any further treatment for his diabetes, nor is there any evidence that he has had a diabetic episode since then. (Tr. 27).

Because substantial evidence supports the ALJ's explicit and adequate reasons for discrediting Vasquez's subjective complaints about pain, there is no reversible error. *Foote*, 67 F.3d at 1561-62; *Snyder*, 2022 WL 3867669, at *5 (collecting cases).

## III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, substantial evidence supports the ALJ's decision and there was no error in the ALJ's application of the correct legal standard. Accordingly, the decision of the Commissioner should be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), and the clerk should be directed to enter judgment in the Commissioner's favor, terminate all scheduled events, and close the case.

Recommended on February 13, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**